UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:26-cv-2267

CLAUDIA MORENO,
and other similarly-situated individuals,

      Plaintiff(s),

v.

FLORIDA POOL SERVICE, INC.,
and ROBERT A. MOYER, individually,

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Come now, the Plaintiff, CLAUDIA MORENO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants, FLORIDA POOL SERVICE, INC., and ROBERT A. MOYER, individually, and alleges:

Jurisdiction, Venues, and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliatory discharge under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, CLAUDIA MORENO (hereinafter, "MORENO" or "Plaintiff"), is a resident of Collier County, Florida, within the jurisdiction of this Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant FLORIDA POOR SERVICE, INC. (hereinafter, "FLORIDA POOL SERVICE", or "Defendant"), is a Florida Profit Corporation, performing business in Collier County, Florida, where Plaintiff worked for Defendant.

4. The individual Defendant, ROBERT A. MOYER (hereinafter, "MOYER" or "Defendant"), was and is now the owner/partner/officer and directed the operations of Defendant corporation FLORIDA POOL SERVICE. This individual Defendant was the Employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Fair Labor Standards Act [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Collier County, Florida, within this Court's jurisdiction.

### General Allegations

6. This cause of action is brought by Plaintiff, MORENO, as a collective action to recover from Defendants overtime compensation, retaliatory discharge damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended 29 USC § 201 *et seq*

(the "FLSA or the "Act"), on behalf of Plaintiff and all other current and former employees similarly-situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2023, (the "material time") without being adequately compensated.

7. Defendant FLORIDA POOL SERVICE is a residential and commercial pool care company operating in Naples, Florida. Defendant provides comprehensive weekly and bi-weekly maintenance, equipment repairs, resurfacing, and has heater installations. Defendant also provides "pool school" to teach local homeowners how to confidently manage their pool systems.

8. Defendant FLORIDA POOL SERVICE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1), (2) (A), and 203(s)(1)(A). Defendant is a pool cleaning and maintenance company specializing in private homes and commercial properties. Defendant FLORIDA POOL SERVICE had more than two employees who were recurrently engaged in commerce; regularly and repeatedly used the instrumentalities of interstate commerce; accepted and solicited funds from non-Florida sources; used electronic devices to authorize credit card transactions; and ordered products and supplies produced outside the state. Upon information and belief, the annual gross revenue of the

Employer/Defendant was always more than $500,00.00 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a Pool Technician. The plaintiff maintained and worked on residential and commercial pools and properties. Plaintiff worked and handled goods and materials produced for interstate commerce. Therefore, there is FLSA individual coverage.

10. Defendants FLORIDA POOL SERVICE and MOYER employed Plaintiff MORENO as a non-exempt, full-time, hourly employee from approximately April of 2016, through May 8th, 2026, or over 10 years. However, the relevant time period at issue under the FLSA's statute of limitations for willful violations is 145 weeks.

11. Plaintiff was hired, and worked, as a Pool Technician, performing her work in different private residential properties as well as in different commercial properties.

12. At all times relevant to her employment, Plaintiff worked under the supervision and guidance of company manager Nataly (LNU).

13. Plaintiff's duties included, but were not limited to, pool cleaning and pool maintenance.

14. Plaintiff was paid an hourly rate of $21.00 per hour, thus, her overtime rate should have been $31.50 for each overtime hour worked.

15. During her employment with the Defendants, Plaintiff had a regular schedule. Plaintiff worked five days per week, from Monday through Friday, from 7:00 AM to 4:00 PM (9 hours daily), resulting in 45 working hours weekly. Plaintiff was not able to take bona fide meal periods.

16. Every week, Plaintiff was only paid for 40 hours of work, regardless of the number of overtime hours she was working.

17. Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours at the applicable overtime rate for every hour worked in excess of 40 per week, as required by law.

18. The plaintiff did not clock in and out, and Defendants did not maintain any time-keeping system in place.  Nevertheless, Defendants provided Plaintiff with her schedule and daily assignments, and knew the number of hours worked by Plaintiff and other similarly-situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the applicable overtime rate in violation of 29 USC §206(a) of the Fair Labor Standards Act.

20. Defendants also failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in

violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

21. Moreover, on or about May 8th, 2026, Plaintiff engaged in statutorily protected activity by complaining to the Defendants about unpaid overtime wages.

22. In retaliation for Plaintiff's complaints, Defendant MOYER fired Plaintiff the same day on May 8th, 2026.

23. Plaintiff was paid via direct deposit, without receiving paystubs that provided accurate information about the number of days and hours worked, the wage rate paid, employee taxes withheld, etc.

24. At times mentioned, individual Defendant MOYER was and is now, the owner/partner/and manager of Defendant FLORIDA POOL SERVICE. Defendant MOYER was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in FLORIDA POOL SERVICE's interests concerning its employees, including the Plaintiff and others similarly situated. Defendant MOYER had financial and operational control over the business, and determined the terms and conditions of the Plaintiff's employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

25. Plaintiff MORENO seeks to recover unpaid overtime wages for every hour worked over 40 during her employment, retaliatory discharge damages, liquidated damages, costs, reasonable attorney's fees, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

26. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly-situated individuals the proper compensation for every overtime hour at the rate of time and one-half their regular rate.

28. Plaintiff alleges that more individuals performed the same duties as Plaintiff and suffered the same illegal employment practices. They were not paid for overtime hours at the rate of one and a half their regular rate.

29. This action is intended to include every Pool Technician and any other similarly-situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

30. Plaintiff MORENO re-adopts every general and factual allegation concerning failure to pay for overtime hours contained in paragraphs 1-29 above as if set out in full herein.

31. Plaintiff MORENO brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly-situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July of 2023, (the "material time") without being adequately compensated.

32. Defendants FLORIDA POOL SERVICE and MOYER employed Plaintiff MORENO as a non-exempt, full-time, hourly employee from approximately April of 2016, through May 8th, 2026, or over 10 years. However, the relevant time period at issue under the FLSA's statute of limitations for willful violations is 145 weeks.

33. Plaintiff was hired, and worked, as a Pool Technician, performing his work in different private residential properties as well as in different commercial properties.

34. At all times relevant to her employment, Plaintiff worked under the supervision and guidance of company manager Nataly (LNU).

35. Plaintiff's duties included, but were not limited to, pool cleaning and pool maintenance.

36. Plaintiff was paid an hourly rate of $21.00 per hour, thus, her overtime rate should have been $31.50 for each overtime hour worked.

37. During her employment with the Defendants, Plaintiff had a regular schedule. Plaintiff worked five days per week, from Monday through Friday, from 7:00 AM to 4:00 PM (9 hours daily), resulting in 45 working hours weekly. Plaintiff was not able to take bona fide meal periods.

38. Every week, Plaintiff was only paid for 40 hours of work, regardless of the number of overtime hours she was working.

39. Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours at the applicable overtime rate for every hour worked in excess of 40 per week, as required by law.

40. The plaintiff did not clock in and out, and Defendants did not maintain any time-keeping system in place.  Nevertheless, Defendants provided Plaintiff with her schedule and daily assignments, and knew the number of hours worked by Plaintiff and other similarly-situated individuals.

41. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the applicable overtime rate in violation of 29 USC §206(a) of the Fair Labor Standards Act.

42. Defendants also failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

43. Moreover, on or about May 8th, 2026, Plaintiff engaged in statutorily protected activity by complaining to the Defendant MOYER about unpaid overtime wages.

44. In retaliation for Plaintiff's complaints, Defendant MOYER fired Plaintiff the same day on May 8th, 2026.

45. Plaintiff was paid via direct deposit, without receiving paystubs that provided accurate information about the number of days and hours worked, the wage rate paid, employee taxes withheld, etc.

46. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees, should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of the hours worked by Plaintiff and other employees based upon information and belief. Therefore,

Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

47. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants also violated the Posting requirements of 29 USC § 516.4.

48. Plaintiff is not in possession of time and payment records, but she will provide a good-faith estimate of her unpaid O/T based on her recollection, her schedule, and her knowledge of the hours she worked. Plaintiff will amend her Statement of Claim upon discovery if necessary.

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. Total amount of alleged unpaid O/T wages:

   Twenty-Two Thousand, Eight-Hundred, Thirty-Seven Dollars and 50/100 ($22,837.50)

   b. Calculation of such wages:

   Total period of employment: approximately over 10 years
   Relevant weeks of employment:  145 weeks
   Total hours worked:  45 hours weekly
   Total unpaid OT hours:  5 OT hours weekly
   Hourly rate of pay: $21.00
   Overtime Rate: $31.50 per OT hour

   $31.50 x 5 O/T hours=$157.50 weekly x 145 weeks=$22,837.50

c.   Nature of wages (e.g., overtime or straight time):[1]

This amount represents unpaid overtime wages.

49. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of one and a half times their regular rate for all hours worked over forty hours (40) per workweek, as provided in said Act.

50. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

51. Defendants FLORIDA POOL SERVICE and MOYER willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

one-half her regular rate, as required by the laws of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

52. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay costs and a reasonable attorney's fee.

### Prayer for Relief

Wherefore, Plaintiff MORENO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff, MORENO, and other similarly situated individuals, and against Defendants, FLORIDA POOL SERVICE and MOYER, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff MORENO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff MORENO demands a trial by jury on all issues triable as a matter of right.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATION PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

53. Plaintiff MORENO re-adopts every factual allegation stated in paragraphs 1-29 of this Complaint as if set out in full herein.

54. Defendant FLORIDA POOL SERVICE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

55. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

56. 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

57. Defendants FLORIDA POOL SERVICE and MOYER employed Plaintiff MORENO as a non-exempt, full-time, hourly employee from approximately April of 2016, through May 8th, 2026, or over 10 years.

58. Every week, Plaintiff was only paid for 40 hours of work, regardless of the number of overtime hours she was working.

59. Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours at the applicable overtime rate for every hour worked in excess of 40 per week, as required by law.

60. The plaintiff did not clock in and out, and Defendants did not maintain any time-keeping system in place.  Nevertheless, Defendants provided Plaintiff with her schedule and daily assignments, and knew the number of hours worked by Plaintiff and other similarly-situated individuals.

61. On or about May 8th, 2026, Plaintiff engaged in statutorily protected activity by complaining to the Defendant MOYER about unpaid overtime wages.

62. In retaliation for Plaintiff's complaints, Defendant MOYER fired Plaintiff the same day on May 8th, 2026.

63. Therefore, Defendants willfully violated 29 USC 215(a)(3), which prohibits "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

64. Plaintiff was qualified for the position and worked diligently and without significant issue or controversy. Plaintiff performed her job well, and there was no other reason than retaliation to terminate Plaintiff's employment.

65. The motivating factor that caused Plaintiff's discharge, as described above, was Plaintiff's complaints for unpaid overtime wages from her former Employers. In other words, Plaintiff would not have been fired but for her complaints for unpaid overtime wages under the Fair Labor Standards Act.

66. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

67. Plaintiff, MORENO, has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay costs and reasonable attorney's fees.

### Prayer For Relief

Wherefore, Plaintiff, MORENO, respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants, FLORIDA POOL SERVICE and MOYER, that Plaintiff MORENO, recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants FLORIDA POOL SERVICE and MOYER, to make whole the Plaintiff by providing appropriate back pay, front pay, and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff MORENO further prays for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiff, MORENO, and those similarly-situated, demand a trial by jury of all issues triable as a matter of right.

Dated: July 30th, 2026

Respectfully submitted,

/s/ Alexis Mena-Glasgow
Alexis Mena-Glasgow, Esq.
Florida Bar No.: 117839
SIMPSON & MENA, PA
2250 Southwest Third Avenue
Suite 501

Miami, Florida 33129
Telephone: (305) 912-7665
Email:alexis@simpsonmenalaw.com
*Attorney for Plaintiff*